IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                 Plaintiff,               ORDER

            v.                       02-cr-159-jdp-1

RICHARD L. CHAPMAN,

                 Defendant.

---

A hearing on the probation office's petition for judicial review of Richard L. Chapman's supervised release was held on March 16, 2018, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Timothy O'Shea. Defendant was present in person and by counsel, Shelley Fite. Also present was U.S. Probation Officer Jelani Brown.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on May 16, 2003, following his conviction for Bank Robbery, in violation of 18 U.S.C. § 2113(a). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 188 months, to be followed by a three-year term of supervised release. Restitution in the amount of $10,289 was also imposed. On January 5, 2018, defendant's term of supervised release commenced.

Defendant violated the mandatory condition requiring him to report to the probation office in the district of his release within 72 hours of his release from the custody of the Bureau of Prisons.

On January 5, 2018, defendant was released from the custody of the Bureau of Prisons. He contacted his probation officer via telephone on January 8, 2018. During that telephone conversation, defendant was instructed to report in person to the probation office on January 10, 2018, to submit his initial report. Defendant failed to report as instructed and required.

Defendant violated Standard Condition No. 3 of his supervised release requiring him to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. On January 12, 2018, defendant was contacted by his probation officer via telephone. During that conversation, defendant was instructed to report to the probation office to submit his initial report on January 15, 2018. Defendant again failed to report as instructed.

Defendant violated Standard Condition No. 6 of his supervised release requiring him to notify his probation officer within 72 hours of any change in residence or employment. On January 17, 2018, defendant was contacted by his probation officer via telephone. During that conversation, defendant agreed to meet at the Rock County Job Center in Janesville, Wisconsin. U.S. Probation Officer Michael Nolan attempted to make contact with defendant at the job center; however, defendant was not present.

CONCLUSIONS

Defendant's criminal history category is VI. When coupled with a Grade C violation, defendant's advisory guideline range of imprisonment is 8 to 14 months. Under 18 U.S.C. § 3583, the statutory maximum to which defendant can be sentenced upon revocation is two years because his original conviction was for a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment, if supervised release is revoked.

Defendant's violations are concerning; however, his return to the community from a lengthy term of incarceration, and his need to participate in both mental health and drug treatment, are two important sentencing factors to consider. Additional time in custody at this juncture would not adequately address these rehabilitative needs. Accordingly, defendant's term of supervised release will be continued. The special conditions will be modified to include electronic location monitoring technology for a period of 45 days. In addition, defendant will be required to undergo a mental health assessment and comply with all treatment recommendations resulting from that assessment.

ORDER

IT IS ORDERED that defendant's three-year term of supervised release is CONTINUED as entered on May 16, 2003, with the addition of the following special conditions:

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 5) **Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.** | Based on the nature of defendant's mental health history as reported in his pre-sentence investigation report, including his history of abuse and neglect, as well as his previous diagnosis of antisocial personality making it difficult for him to form attachments or trust individuals. |
| 6) **Participate for a period of 45 days in a location-monitoring program that may include the following technologies: radio frequency (RF) monitoring, passive global** | Based on defendant's noncompliance, including his unwillingness to report to the probation office while on supervised release, and the need to protect the community until |

3

| | |
|---|---|
| **positioning system (GPS) monitoring, active GPS monitoring, or voice recognition. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. Probation Officer. Defendant shall not be responsible for the cost of location monitoring.** | he has had an opportunity to participate fully in treatment. |

Defendant is to comply with the mandatory conditions of supervised release, along with the standard and special conditions of supervised release imposed on May 16, 2003, which were reasonably-related to the offense of conviction, his history and personal characteristics, and his demonstrated noncompliance with prior supervision conditions. Defendant paid $1,250 toward his restitution obligation while confined in the federal prison system. He is to begin making no less than $20 monthly restitution payments, beginning 60 days from the date of this judgment.

Entered this 14th day of March, 2018.

BY THE COURT:

/s/

James D. Peterson
District Judge